EARL GEORGE CARROLL *v.* STATE
OF MARYLAND

[No. 376, September Term, 1968.]

648

*Decided April 30, 1969.*

*Donna C. Aldridge* for appellant.

*Thomas M. Downs, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Joseph C. Sauerwein, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The appellant, Earl George Carroll, was convicted of receiving stolen goods by Judge Samuel W. H. Meloy, sitting without a jury, in the Circuit Court for Prince George's County. He was sentenced to five years under the jurisdiction of the Department of Correction.

The appellant contends upon this appeal that the evidence did not show a receiving, that it did not show the requisite guilty knowledge, and that it was insufficient to sustain the conviction.

From the evidence at trial it could be found that Attila K. Sztanko owned a 1966 Chevrolet Corvette convertible, which was stolen sometime during the night of June 11, 1968. On the afternoon of June 12, 1968, the appellant was arrested while

driving an automobile, in the trunk of which the engine taken from Mr. Sztanko's Corvette was being carried. Upon the request of the arresting officer, appellant returned to the place where he claimed to have bought the engine, a dirt road in Prince George's County, and the officer found the Corvette, stripped of its engine, a short distance away from the scene of the alleged sale. The appellant testified that on the evening of June 11, 1968 he received a telephone call from Francis West, who stated that he had obtained an engine of the type the appellant had been wanting to purchase. The appellant, who lived in Washington, D. C., drove to a dirt road coming off the paved portion of Gardner Road, in a rural section of Prince George's County. Upon arriving at the dirt road, the appellant noticed a 1961 black Chevrolet "sitting there waiting for us." One of the occupants of the Chevrolet was Richard Brainer, who offered to sell appellant a 327 cubic inch Corvette engine. After some argument about the price, the appellant agreed to Brainer's original price of $175. The engine was then transferred from the trunk of the Chevrolet to the trunk of the car appellant was driving. Brainer then gave appellant "a little extra stuff," consisting of "a radiator, and I can't think what else." In response to the question, "If you go to a junkyard and try to get a 327 [engine] how much do you think they are going to charge you for it?", appellant replied, "Two hundred fifty dollars, three hundred dollars."

Mr. Sztanko had earlier testified that the value of the engine was about $800.

A co-defendant with appellant testified and substantially corroborated appellant's testimony.

The appellant moved for a judgment of acquittal at the end of the State's case, but this motion was automatically withdrawn, Maryland Rule 755b, when appellant offered evidence in his own behalf after denial of the motion. The motion was renewed at the end of the entire case.

The appellant complains that the State offered no evidence of the existence of parties other than the appellant and his co-defendant and that the trial judge was therefore in error in finding that the appellant was a receiver rather than the thief. The short answer to this contention is that the appellant himself

testified that he bought the engine from one Richard Brainer, which suffices to show that appellant was a receiver.

Appellant also complains that it was not proven that he had the requisite guilty knowledge that the engine was stolen property, see *Kincer v. State,* 5 Md. App. 80, 82 (1968), and that the evidence as a whole did not sustain the conviction.

It is not necessary that the knowledge of the receiver that the property was stolen be direct or actual. Such knowledge may be found in a rational inference deduced from circumstantial evidence when such proof indicates that the receiver knew or could reasonably have suspected that the property in his possession was stolen. *Kincer v. State, supra* at 86. Possession of stolen property by one charged with unlawfully receiving it, although not sufficient to show guilty knowledge, is a strong circumstance to be considered with all other evidence of guilty knowledge. *Kincer v. State, supra* at 86.

The fact· of appellant's possession, coupled with his understanding of how diminutive the price was compared even to junkyard prices and viewed in the light of the surroundings in which the sale was transacted would, we think, support a rational inference that the appellant knew or could reasonably have suspected that the engine was stolen. We cannot say that the trial judge was clearly erroneous in drawing such an inference. Maryland Rule 1086.

As noted above, appellant generally attacks the sufficiency of the evidence. The elements of the crime of receiving stolen property as stated in *Kincer v. State, supra* at 82, are:

(1) The property must be received; and

(2) it must, at the time of its receipt, be stolen property; and

(3) the receiver must have guilty knowledge that it is stolen property; and

(4) his intent in receiving it must be fraudulent.

Elements (1) and (3) have been disposed of above, while element (2) was clearly proven by the testimony of the owner, Mr. Sztanko, and the investigating officer, Trooper Frederick E. Davis. With respect to element (4), the fraudulent intent in receiving the stolen property, the intention need not be *lucri*

*causa,* but one merely hostile to the title of the true owner, *Kincer v. State, supra.* The other three elements of the crime being proved, the fraudulent intent was patent. The appellant, after obtaining possession of the engine, was carrying it away in the trunk of the car he was driving and there is no indication or suggestion that this possession and asportation was other than hostile to Mr. Sztanko's interest in the engine.

We think that the findings of the lower court on the evidence were not clearly erroneous and affirm the judgment. Maryland Rule 1086.

*Judgment affirmed.*